**IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF COLORADO**

Case No.   15-cv-02619-MEH

AMARO MONTEMAYOR,

     Plaintiff,

v.

CITY OF COLORADO SPRINGS,
DAVID LETHBRIDGE, in his individual capacity, and
COREY FARKAS, in his individual capacity,

     Defendants.

_____

**PROTECTIVE ORDER**
_____

Upon consideration of the parties' Stipulated Motion for Protective Order, and it appearing to the Court that good cause exists under Fed. R. Civ. P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

    1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.   As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).   A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests, including without limitation, personnel and/or payroll records of current or former employees of Defendant City of Colorado Springs or the Plaintiff; personal, medical, financial, or other information protected by law; operations or business data, plans, analyses, or other information implicating public safety not generally known to the public; and trade secrets or other confidential and proprietary business information entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Any information to be designated by a party as CONFIDENTIAL must first be reviewed by the party's counsel and be determined, in good faith, to be subject to protection as confidential under the terms of this Protective Order, as described in paragraph 3 above, before being marked CONFIDENTIAL. The party designating the information as CONFIDENTIAL shall prepare a log identifying by Bates Number each document designated as CONFIDENTIAL and stating by Bates Number the specific basis or bases relied on by the party for designating the information CONFIDENTIAL. The required "confidentiality log" shall accompany the production of any information designated CONFIDENTIAL.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

      (A)    attorneys actively working on this case;

      (B)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      (C)    the parties, including designated representatives for the entity defendant;

      (D)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

      (E)    the Court and its employees ("Court Personnel");

      (F)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (G)    deponents, witnesses, or potential witnesses; and

      (H)    other persons by written agreement of the parties.

6.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.   All such

acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.   Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.   In the event electronically stored information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party.

9.   Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.   Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10.   Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently disclosed documents, including all

copies and copies the receiving party provided to any other individual or entity, within fourteen (14) calendar days of receiving such a written request.

11. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2. Prior to disclosure of CONFIDENTIAL information at trial or other proceeding in this case, the parties may seek further protections against public disclosure from the Court.

12. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

13. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.   If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.   In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.   Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Ordered February 10, 2016, in Denver, Colorado.

BY THE COURT:

/s Michael E. Hegarty
UNITED STATES MAGISTRATE JUDGE

APPROVED:

| | |
|---|---|
| *s/William Finger* | *s/Lindsay Rose* |
| William S. Finger | Lindsay Rose |
| Finger & Newcomb, P.C. | Tracy Lessig |
| P.O. Box 1477 | Office of the City Attorney |
| Evergreen, CO 80437-1477 | 30 S. Nevada, Suite 501 |
| Telephone (303) 674-6955 | P.O. Box 1575, Mail Code 510 |
| Facsimile (303) 674-6684 | Colorado Springs, CO 80901-1575 |
| E-mail: bill@fn-pc.com | Telephone (719) 385-5504 |
| | Facsimile (719) 385-5535 |
| | E-mail: tlessig@springsgov.com |
| | lrose@springsgov.com |
| ***Attorney for Plaintiff*** | ***Attorneys for Defendants*** |